UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 20-07950-RGK (PD)   Date: September 14, 2020

Title   <u>*Richard Haworth v. Patricia V. Bradley, Warden*</u>

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petitioner's 28 U.S.C. § 2241 Petition Should Not be Dismissed**

### 1. Introduction

On August 26, 2020, Petitioner Richard Haworth, a federal prisoner who is confined at the United States Penitentiary at Lompoc, California, and proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. No. 1.] Petitioner contends that his due process rights have been violated which "could lead into (sic) my death from COVID-19" and he requests that the Court grant him compassionate release. [*Id*. at 6, 8.] According to Petitioner, he has been exposed to and tested positive for tuberculosis. He has received treatment and the Bureau of Prisons ("BOP") "takes x-rays of his lungs every couple [of] years." [*Id*. at 8.]

Petitioner alleges that on June 23, 2020, he sent an email to Warden Bradley requesting "compassionate release" under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). He also sent a written request to the Warden on June 28, 2020. [Dkt. No. 1 at 10.]

On August 15, 2020, Petitioner sent another email to Warden Bradley notifying her that he sent requests for compassionate release on June 23, 2020 and June 28, 2020 but did not receive any response. He requested that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-07950-RGK (PD)                              Date: September 14, 2020

Title     _Richard Haworth v. Patricia V. Bradley, Warden_

Warden Bradley provide an official response.  [_Id_. at 12.]  Petitioner also sent an email to Mrs. Arnold notifying her that he submitted requests for compassionate release but did not receive any response.  [_Id_. at 11.]  According to Petitioner, a new Inmate Bulletin issued on August 13, 2020, requires a copy of the warden's denial letter in order to appeal a compassionate release denial.  [_Id_. at 11-13.]

According to public records, Petitioner's projected release date is "LIFE."[1]  _See_ Fed. R. Evid. 201; Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

---

[1]   On January 14, 1997, Petitioner pled guilty to violating 18 U.S.C. § 1962(c) and (d) (Racketeering Influenced and Corrupt Organizations Act ("RICO")), one count of violating 21 U.S.C. § 846 (conspiracy to violate 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)), one count of violating 21 U.S.C. § 848 (continuing criminal enterprise), three counts of violating 21 U.S.C. § 848(e)(1)(A) (killing of an individual in furtherance of continuing criminal enterprise), two counts of violating 21 U.S.C. § 841(b)(1)(C) (possession with intent to distribute more than 50 kilograms of marijuana), one count of violating 21 U.S.C. § 841(b)(1)(D) (possession with intent to distribute more than 50 kilograms of marijuana), two counts of violating 18 U.S.C. § 1959(a)(1) (murder), one count of violating 18 U.S.C. § 1959(a)(5) (conspiracy to murder in aid of racketeering), one count of violating 18 U.S.C. § 1959(a)(1) (murder in aid of racketeering),one count of violating 18 U.S.C. § 1959(a)(5) (attempted murder in aid of racketeering), one count of violating 18 U.S.C. § 924(c) (use and carry of firearm in connection with narcotics trafficking offense), two counts of violating 18 U.S.C. § 924(c) (use and carry of firearm in connection with crime of violence (murder)), two counts of violating 18 U.S.C. § 924(c) (use and carry of firearm in connection with crime of violence), one count of violating 18 U.S.C. § 924(c) (use and carry of firearm in connection with a crime of violence (attempted murder)), one count of violating 18 U.S.C. § 922(g)(1) (felon in possession of firearms, 18 U.S.C. § 924(a)(2), one count of violating 18 U.S.C. § 1963 (forfeiture of assets acquired through racketeering activities), and one count of violating 21 U.S.C. § 853 (forfeiture of assets acquired through narcotics trafficking).

On November 3, 1997, Petitioner was sentenced to life imprisonment without the possibility of release.  [_United States v. Richard Haworth_, 95-CR-00491-LH,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-07950-RGK (PD)                    Date: September 14, 2020

Title   _Richard Haworth v. Patricia V. Bradley, Warden_

### 2. **Discussion**

Habeas petitions brought by federal prisoners under 28 U.S.C. § 2241 are subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Corpus Rules"), Habeas Corpus Rule 1(b) (providing that district courts may apply the Habeas Corpus Rules to habeas petitions that are not brought under § 2254). Accordingly, a district court may summarily dismiss a § 2241 petition before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." Habeas Corpus Rule 4; _Mayle v. Felix_, 545 U.S. 644, 656 (2005).

### A.  **The Petition Does Not Challenge Petitioner's Custody or Confinement**

Federal law "opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. _Muhammad v. Close_, 540 U.S. 749, 750 (2004). Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement. _Crawford v. Bell_, 599 F.2d 890, 891 (9th Cir. 1979); _see also Nettles v. Grounds_, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas petitions are "the exclusive vehicle" for claims that fall within "the core of habeas corpus"—that is, claims challenging "the fact or duration of the conviction or sentence."). By contrast,

---

Dkt. No. 1466-1.]  _See Harris v. County of Orange_, 682 F. 3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-07950-RGK (PD)                                      Date: September 14, 2020

Title     _Richard Haworth v. Patricia V. Bradley, Warden_

a civil rights action is the "proper remedy" for a claimant asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Here, Petitioner is not challenging his conviction or sentence. [*See* Dkt. No. 1 at 2.] Instead, Petitioner is challenging the "no action" concerning his request to the Warden for compassionate release due to his concerns over COVID-19. [*Id.* at 2, 6.] Petitioner claims there are people in his unit who are sick but are not reporting it because they do not want to be placed in isolation. Petitioner is concerned if there is a second wave, people will do the same thing and will die. He does "not want to be one of them." [*Id.* at 7.] Petitioner's allegations sound in civil rights, not in habeas. Although Petitioner requests relief in the form of release from prison, which is within the ambit of a writ of habeas corpus, Petitioner's claim challenges the conditions of his confinement and is properly the subject of a civil rights complaint. *See Bolden v. Ponce*, No. CV 20-3870-JFW (MAA), 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (holding that petitioner's challenge to the conditions of his confinement during the COVID-19 pandemic should have been asserted in a civil rights complaint and not in a habeas petition, despite his request for immediate release). To the extent Petitioner challenges his conditions of confinement or seeks damages for civil rights violations, his claims are properly brought pursuant to *Bivens v. Six Unknown Named of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

### B. Motions for Compassionate Release Must Be Filed in the Sentencing Court

Although the Petition is labeled as a petition for writ of habeas corpus under 28 U.S.C. § 2241, the contents of the Petition raise issues governed by the compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A). [Dkt. No. 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-07950-RGK (PD)                                Date: September 14, 2020

Title     *Richard Haworth v. Patricia V. Bradley, Warden*

at 2, 6-8.]  When construing a *pro se* filing like the Petition, courts "look to the contents of a *pro se* filing rather than its form." *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020).  However, even if the Petition is construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), Petitioner's request can be heard only in the court where he was sentenced.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010).  A narrow exception, compassionate release, allows the sentencing court to reduce a prison term, if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Under prior law, only the Director of the BOP could seek compassionate release.  *See, e.g., United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (holding that the petitioner was not entitled to compassionate release absent a motion from the BOP Director).  The First Step Act of 2018, 132 Stat. 5194, amended Section 3582(c)(1)(A) to allow an inmate to file a motion for compassionate release in the sentencing court if the inmate "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

A motion under Section 3582(c) to modify a prison term must be addressed to the sentencing court.  *See United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted ...."); *Bolden*, 2020 WL 2097751, at *2 (district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by COVID-19 pandemic because petition was not filed in sentencing court); *Thody v. Swain*, No. CV 19-09641-PA (DFM), 2019 WL 7842560, at *2 (C.D. Cal. Nov. 26,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-07950-RGK (PD)                                  Date: September 14, 2020

Title      _Richard Haworth v. Patricia V. Bradley, Warden_

2019) ("[B]y its plain language, 18 U.S.C. § 3582(c)(1)(A) requires Petitioner to move for reduction in the sentencing court."); _Mohrbacher v. Ponce_, No. CV 18-00513-DMG (GJS), 2019 WL 161727, at *1 & n.1 (C.D. Cal. Jan. 10, 2019) (same).

As set forth above, Petitioner was sentenced in the United States District Court for the District of New Mexico.  Accordingly, only that court has authority to grant Petitioner's request for compassionate release.  This Court lacks jurisdiction to grant the relief Petitioner seeks.

### 3. ORDER

Accordingly, on or before **October 9, 2020**, Petitioner is ordered to show cause, in writing, (a) why this action should not be summarily dismissed; or (b) file a Notice of Voluntary Dismissal of the action.  **Failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**The Court Clerk is directed to provide Petitioner a copy of Form CV-09 – Notice of Dismissal for his convenience.**

IT IS SO ORDERED.

|                         | :    |
|-------------------------|------|
| Initials of Preparer    | im   |